IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Philip John Martin,<br><br>    Petitioner,<br><br>v.<br><br>Attorney General of the State of Arizona,<br><br>    Respondent. | No. CV-22-08014-PCT-JJT (MTM)<br><br>**ORDER** |

    At issue is the Report and Recommendation (Doc. 29, "R&R") entered by United States Magistrate Judge Michael T. Morrissey recommending that the Court deny and dismiss with prejudice the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). Petitioner filed Objections (Doc. 30) which the Court deems as timely filed, and Respondents thereafter timely filed a Response to those Objections (Doc. 31.)

    Petitioner raised two grounds for habeas review[1] in his Petition: 1) what Judge Morrissey has generously construed as a freestanding claim of actual innocence; and 2) the allegation that "[p]olice reports contain lies and tainted evidence." Judge Morrissey ably set forth his analysis for both grounds which the Court will not recount here except in summary. As to Ground One, Judge Morrissey correctly stated that even if a freestanding claim of actual innocence is cognizable in this proceeding—an open question not yet answered by the Supreme Court or the Ninth Circuit—Petitioner has failed to meet the

---

[1] In his Objections to the R&R, Petitioner arguably attempts for the first time to introduce a third ground: ineffective assistance of trial counsel. (Doc. 30, *passim*.) To the extent Petitioner attempts to offer it as a ground for review, the Court will not consider this newly raised claim. *See United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000).

extremely high showing standard the Ninth Circuit has said it would require in *Carriger v. Stewart*, 132 F.3d 463, 476 (9th Cir. 1997). As Judge Morrissey concluded, Petitioner has not shown that he is probably innocent, as *Carriger* would require. 132 F.3d at 476.

As to Ground Two, the R&R correctly concludes that Petitioner's allegation fails to state a violation of the Constitution, law or treaties of the United States—the only violation redressable by federal review pursuant to Section 2254. Petitioner therefore has not stated a cognizable *habeas* claim.

The Court spent considerable time parsing through and trying to make sense of Petitioner's 15-page Objections, which largely consist of discrete and unrelated paragraph-sized bullet points making record and case citations, interspersed with selected trial transcript pages at times highlighted, in an attempt to fully understand the gravamen of those objections. After that review, the Court agrees with Respondents that Petitioner fails to state any actionable objections to the recommendations on his two previously stated grounds. Instead, Petitioner merely repeats the arguments he made in his briefs; he does not point to any specific finding made by Judge Morrissey, or reasoning supporting such finding, to ascribe or identify error. These are thus improper objections. *See, e.g., Curtis v. Shinn*, No. CV-19-04374-PHX-DGC, 2021 WL 4596465 at 7* (D. Ariz. October 6, 2021) (". . . simply repeating arguments made in the petition is not a proper objection under Rule 72."); *see also* 28 U.S.C. § 636(b)(1) (requiring specific written objections to the findings and recommendations). The Court cannot sustain such objections.

**IT IS THEREFORE ORDERED** overruling the Objections (Doc. 30) and adopting the R&R (Doc. 29) submitted by Judge Morrissey in this matter.

**IT IS FURTHER ORDERED** denying and dismissing with prejudice the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1).

. . . .

. . . .

. . . .

**IT IS FURTHER ORDERED** denying a Certificate of Appealability in this mater, as the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right.

Dated this 8th day of November, 2023.

_____
Honorable John J. Tuchi
United States District Judge